IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA

| | |
|---|---|
| MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.<br><br>Plaintiff<br>v<br>MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC and WILLIAM DAVIDSON<br><br>Defendants | CIVIL ACTION<br><br>FILE NO: 1:12-CV-0078 |

DEFENDANTS ANSWER

COMES NOW the Defendant, Mortgage Electronic Registration Systems, Inc., and Answer the Plaintiff's Complaint and shows this Honorable Court the following:

1.) FIRST DEFENSE

Plaintiff's complaint fails to state a claim upon which relief may be granted.

2.) SECOND DEFENSE

. Plaintiff's complaint fails for failure to join an Indispensible Party. Defendant shows that the Secretary of State for the State of Georgia is an indispensible party to this action.

### 3.) THIRD DEFENSE

Defendants show that any damages suffered by the Plaintiff are the direct result of the actions or the failure to act on the part of the Plaintiff.

### 4.) FOURTH DEFENSE

Plaintiff has substantially diluted the name Mortgage Electronic Systems, Inc., and has no damages from the actions of Defendant.

### 5.) FIFTH DEFENSE

Plaintiff has applied for a new corporate name MERSCORP Holdings, Inc., which further dilutes the corporate name recognition for the name Mortgage Electronic Registration Systems, Inc.

.   Defendant responds to the individual paragraphs of Plaintiff's Complaint as follows:

### Paragraph 1.

The Defendants admit the allegations contained in Paragraph 1 of Plaintiff's Complaint.

### Paragraph 2.

The Defendants admit the allegations contained in Paragraph 2 of Plaintiff's Complaint.

Paragraph   3.

The Defendants admit the allegations contained in Paragraph 3 of Plaintiff's Complaint.

Paragraph   4.

The Defendants admit the allegations contained in Paragraph 4 of Plaintiff's Complaint.

Paragraph   5.

The Defendants admit the allegations contained in Paragraph 5 of Plaintiff's Complaint.

Paragraph   6.

The Defendants admit the allegations contained in Paragraph 6 of Plaintiff's Complaint.

Paragraph   7.

The Defendants admit the allegations contained in Paragraph 7 of Plaintiff's Complaint.

Paragraph   8.

The Defendants deny that Plaintiff lawfully conducts business in the State of Georgia and can neither admit nor deny the remaining allegations.

Paragraph   9.

The Defendants deny the allegations contained in Paragraph 9 of Plaintiff's Complaint and further shows that the MERS business model is a subterfuge allowing various financial institutions dodge legal taxation, execute fraudulent affidavits and assignments and primarily acts as a conduit for fraud.  .

Paragraph   10.

The Defendants deny the allegations contained in Paragraph 10 of Plaintiff's Complaint.

Paragraph   11.

The Defendants admit the allegations contained in Paragraph 11 of Plaintiff's Complaint, but deny that Fannie Mae and Freddie Mac have authority to authorize language in Georgia security deeds.

Paragraph   12.

The Defendants deny the allegations contained in Paragraph 12 of Plaintiff's Complaint.

Paragraph   13.

The Defendants deny the allegations contained in Paragraph 13 of Plaintiff's Complaint, but admit that the name MERS is the only trademark held by Plaintiff.

Paragraph   14.

The Defendants admit the allegations contained in Paragraph 14 of Plaintiff's Complaint.

Paragraph   15.

The Defendants admit that he was aware of the existence of the Plaintiff at the time of the creation of his lawful corporation and denies that MERS held any interest in his home.

Paragraph   16.

The Defendants deny the allegations contained in Paragraph 16 of Plaintiff's Complaint.

Paragraph   17.

The Defendants admit the allegations contained in Paragraph 17 of Plaintiff's Complaint.

Paragraph   16. (non sequentially numbered)

The Defendants deny the allegations contained in the 2nd paragraph labeled Paragraph 16 of Plaintiff's Complaint.

Paragraph   17. (non sequentially numbered)

The Defendants admit the allegations contained in the 2nd paragraph labeled Paragraph 17 of Plaintiff's Complaint. Defendants show that Defendants anticipate that Plaintiff will be out of business at the time of the planned expansion.

Paragraph   18.

The Defendants admit the allegations contained in Paragraphs 18, 19, 20, and 21 of Plaintiff's Complaint.

Paragraph  19.

The Defendants deny the allegations contained in Paragraph 22, 23, and 24 of Plaintiff's Complaint.

Paragraph  20.

The Defendants deny the allegations contained in Paragraph 25 of Plaintiff's Complaint.

Paragraph  21.

The Defendants deny the allegations contained in Paragraphs 26, 27 and 28 of Plaintiff's Complaint.

Paragraph  22.

The Defendants deny the allegations contained in Paragraphs 29, 30 and 31 of Plaintiff's Complaint.

Paragraph  23.

The Defendants admit the allegations contained in Paragraph 33 of Plaintiff's Complaint.

Paragraph  24.

The Defendants deny the allegations contained in Paragraph 34 and 35 of Plaintiff's Complaint.

Paragraph   25.

The Defendants admit the allegations contained in Paragraph 36 of Plaintiff's Complaint.

Paragraph   26.

The Defendants deny the allegations contained in Paragraph 37 of Plaintiff's Complaint.

Paragraph   27.

The Defendants deny the allegations contained in Paragraphs 38, 39 and 40 of Plaintiff's Complaint.

Paragraph   28.

The Defendants admit the allegations contained in Paragraphs 42, 43, 44, 45, and 46 of Plaintiff's Complaint.

Paragraph   29.

The Defendants deny the allegations contained in Paragraphs 47, 48 and 49 of Plaintiff's Complaint.

Paragraph   30.

The Defendants deny the allegations contained in Paragraphs 50, 51 and 52 of Plaintiff's Complaint.

Respectfully submitted on this 16th day of March 2012.

**By:  */s/ Dale A. Calomeni***
_____

                                          Dale Calomeni,
                                    Attorney for Defendant

CALOMENI & ASSOCIATES, LLC
Dale A. Calomeni, Attorney at Law
Georgia Bar No. 105311
P.O. Box 2358
Roswell, GA  30075
Direct:  770-597-6111
Dacalomeni1@bellsouth.net
Office Address:
1455 Old Alabama Rd., Ste 195-B
Roswell, GA  30076
Office Ph:  770-597-6112
Fax:  678-597-4955

## CERTIFICATE OF COMPLIANCE

I hereby Certify that this *Defendant's Answer* has been prepared using 14 point, Times New Roman font, in accordance with L.R.5.1,N.D.Ga.

                                              */s/ Dale A. Calomeni*
                                           _____
                                             Dale A. Calomeni

## CERTIFICATE OF SERVICE

    I hereby Certify that I have this 16th day of March, 2012 served a true and correct copy of the foregoing *Defendant's Answer* upon the Plaintiff's legal counsel, using the CM/ECF system, which automatically sent the following counsel for Plaintiffs e-mail of such filing:

**Steven G. Hall**
BAKER DONELSON BEARMAN

CALDWELL & BERKOWITZ, PC
Suite 1600, Monarch Plaza
3414 Peachtree Road, N.E.
Atlanta, GA 30326
404-577-6000
sghall@bakerdonelson.com
Attorneys for Plaintiff


**Megan Kreitner Ouzts**
BAKER DONELSON BEARMAN
CALDWELL & BERKOWITZ, PC
Suite 1600, Monarch Plaza
3414 Peachtree Road, N.E.
Atlanta, GA 30326
678-406-8736
678-406-8836 (fax)
mouzts@bakerdonelson.com
Attorneys for Plaintiff


**Joshua Tropper**
BAKER DONELSON BEARMAN
CALDWELL & BERKOWITZ, PC
Suite 1600, Monarch Plaza
3414 Peachtree Road, N.E.
Atlanta, GA 30326
404-577-6000
jtropper@bakerdonelson.com
Attorneys for Plaintiff

*/s/ Dale A. Calomeni*
_____
Dale A. Calomeni